IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ZINKIA ENTERTAINMENT, | Case No.: 1:21-cv-00918 |
| Plaintiff, | Judge Charles P. Kocoras |
| v. | Magistrate Judge Gabriel A. Fuentes |
| THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A", | |
| Defendants. | |

## DECLARATION OF ALBERTO DELGADO GAVELA

I, Alberto Delgado Gavela declare and state as follows:

1. This declaration is based upon my personal knowledge of the facts stated herein or on the business records that were made at the time or in the regular course of business. If called as a witness, I could and would testify to the statements made herein.

2. I am the CEO of ZINKIA ENTERTAINMENT and am knowledgeable about or have access to business records concerning all aspects of the brand protection operation of ZINKIA ENTERTAINMENT including, but not limited to, its trademarks, copyrights, other intellectual property, sales, on-line sales, advertising, marketing, media coverage, and associated international operations. I make this declaration from matters within my own knowledge save where otherwise stated.

3. Plaintiff, ZINKIA ENTERTAINMENT acts as the Sales, Marketing, Design and Distribution arm of POCOYO products worldwide.

4. ZINKIA ENTERTAINMENT is in the business of developing, marketing, selling and distributing POCOYO products. POCOYO is a Spanish children's comedy animated

1

television series created by Guillermo Garcia Carsi, Luis Gallego and David Cantolla. The first 2 seasons of POCOYO (104 episodes) were co-produced between Spanish producer ZINKIA ENTERTAINMENT and ITV Global Entertainment Limited (2004). Up to the present date, four seasons of the series have been produced, each consisting of 52 seven-minute episodes, one 25 minute short film (Pocoyo and the Space Circus), 32 specials and 79 music videos with nursery rhymes. In June 2006, POCOYO was awarded the Cristal Award for the "Best TV Production" at the 30th Annecy International Animated Film Festival. ZINKIA ENTERTAINMENT is the official source of POCOYO products:

https://www.pocoyo.com/en



5. ZINKIA ENTERTAINMENT is the owner of the trademark and copyright registrations for the POCOYO trademarks and copyrights, including U.S. Trademark Registration Nos. 4,303,178; 4,212,395; 4,361,623; 4,177,572; and 4,208,291 (collectively the "POCOYO Trademarks") and U.S. Copyright Registration Nos. VAu 605-842 (2003); VAu 605-841 (2003); VAu 622-247 (2004); VAu 622-245 (2004); and VAu 622-246 (2004) (collectively the "POCOYO Works").

6. The above registrations for the POCOYO Trademarks and POCOYO Works

are valid, subsisting, and in full force and effect. True and correct copies of the federal trademark registration certificates for the above POCOYO Trademarks are attached hereto as <u>Exhibit 1</u>. True and correct copies of the copyright registrations for the POCOYO Works are attached hereto as <u>Exhibit 2</u>.

7. The POCOYO Trademarks are distinctive and identify the merchandise as goods from ZINKIA ENTERTAINMENT.

8. The POCOYO Trademarks have been continuously used and never abandoned.

9. ZINKIA ENTERTAINMENT has expended substantial time, money, and other resources in developing, advertising, and otherwise promoting the POCOYO Trademarks and copyrighted products. As a result, products associated with the POCOYO Trademarks and POCOYO Works are recognized and exclusively associated by consumers, the public, and the trade as being products sourced from ZINKIA ENTERTAINMENT.

10. The success of the POCOYO brand has resulted in its significant counterfeiting. Consequently, ZINKIA ENTERTAINMENT is implementing an anti-counterfeiting program and is investigating suspicious websites and online marketplace listings identified through external vendors in proactive Internet sweeps. ZINKIA ENTERTAINMENT has identified numerous online marketplace accounts linked to fully interactive websites and marketplace listings on platforms, including the fully interactive commercial Internet stores operating under the Defendant Online Marketplace Accounts identified in Schedule A which is attached to the Complaint (collectively, the "Defendant Internet Stores"), which were offering for sale, selling, and importing counterfeit products in connection with counterfeit versions of ZINKIA ENTERTAINMENT's federally registered POCOYO Trademarks and Works (the

"Counterfeit POCOYO Products") to consumers in this Judicial District and throughout the United States. Despite ZINKIA ENTERTAINMENT's enforcement efforts online, Defendants have persisted in creating the Defendant Internet Stores.

11. We perform, supervise, and/or direct investigations related to Internet-based infringement of the POCOYO Trademarks and POCOYO Works. Our investigation shows that Defendants are using the Defendant Internet Stores to sell Counterfeit POCOYO Products from foreign countries such as China to consumers in the U.S. and elsewhere. We, or someone working under our direction, analyzed each of the Defendant Internet Stores and determined that Counterfeit POCOYO Products were being offered for sale to the United States, including Illinois. This conclusion was reached through visual inspection of the products listed for sale on the website, the price at which the Counterfeit POCOYO Products were offered for sale, other features commonly associated with websites selling counterfeit products, because Defendants offered shipping to the United States, including Illinois, and because Defendants and their websites do not conduct business with ZINKIA ENTERTAINMENT and do not have the right or authority to use the POCOYO Trademarks and Works for any reason. True and correct copies of screenshot printouts showing the active Defendant Internet Stores reviewed are attached as Exhibit 3.

12. Upon information and belief, Defendants facilitate sales by designing the Defendant Internet Stores so that they appear to unknowing consumers to be authorized online retailers, outlet stores or wholesalers selling genuine POCOYO Products. Many of the Defendant Internet Stores look sophisticated and accept payment in U.S. dollars via credit cards, Western Union, Amazon and PayPal. The Defendant Internet Stores often include images and design elements that make it very difficult for consumers to distinguish such counterfeit sites from an

authorized website. Defendants further perpetuate the illusion of legitimacy by offering "live 24/7" customer service and using indicia of authenticity and security that consumers have come to associate with authorized retailers, including the McAfee® Security, VeriSign®, Visa®, MasterCard®, and PayPal® logos. ZINKIA ENTERTAINMENT has not licensed or authorized Defendants to use its POCOYO Trademarks and/or POCOYO Works, and none of the Defendants are authorized retailers of genuine POCOYO Products.

13. Upon information and belief, Defendants also deceive unknowing consumers by using the POCOYO Trademarks and Works without authorization within the content, text, and/or meta tags of their web sites in order to attract various search engines crawling the Internet looking for websites relevant to consumer searches for POCOYO Products. Additionally, upon information and belief, Defendants use other unauthorized search engine optimization (SEO) tactics and social media spamming so that the Defendant Internet Stores listings show up at or near the top of relevant search results and misdirect consumers searching for genuine POCOYO Products. Further, Defendants utilize similar illegitimate SEO tactics to propel new online marketplace accounts to the top of search results after others are shut down.

14. Defendants often go to great lengths to conceal their identities and often use multiple fictitious names and addresses to register and operate their massive network of Defendant Internet Stores. Other Defendant Internet Stores often use specialized services that conceal the owners' identity, contact and internet IP address information. Upon information and belief, Defendants regularly create new Internet Stores on various platforms using the identities listed in Schedule A to the Complaint, as well as other unknown fictitious names and addresses. Such Defendant Internet Store registration patterns are one of many common tactics used by the Defendants to conceal their identities, the full scope and interworking of their counterfeiting

operation, and to avoid being shut down.

15. Even though Defendants operate under multiple fictitious names, there are numerous similarities among the Defendant Internet Stores. For example, many of the Defendant Internet Stores have virtually identical layouts, even though different aliases were used to register the respective Defendant Internet Stores. In addition, Counterfeit POCOYO Products for sale in the Defendant Internet Stores bear similar irregularities and indicia of being counterfeit to one another, suggesting that the Counterfeit POCOYO Products were manufactured by and come from a common source and that, upon information and belief, Defendants are interrelated. The Defendant Internet Stores also include other notable common features, including use of the same Internet Store registration patterns, unique product listing description and layouts, accepted payment methods, check-out methods, meta data, illegitimate SEO tactics, HTML user- defined variables, lack of contact information, identically or similarly priced similar hosting services, similar name servers, and the use of the same text and images.

16. In addition to operating under multiple fictitious names, Defendants in this case and defendants in other similar cases against online counterfeiters use a variety of other common tactics to evade enforcement efforts. For example, counterfeiters like Defendants will often register new Internet Stores under new aliases once they receive notice of a lawsuit. Counterfeiters also often move website hosting to rogue servers located outside the United States once notice of a lawsuit is received. Rogue servers are notorious for ignoring take down demands sent by brand owners. Counterfeiters also typically ship products in small quantities via international mail to minimize detection by U.S. Customs and Border Protection.

17. Counterfeiters such as Defendants typically operate multiple credit card merchant accounts as well as Amazon and PayPal accounts behind layers of payment gateways

so that they can continue operation in spite of ZINKIA ENTERTAINMENT's enforcement efforts. Upon information and belief, Defendants maintain off-shore bank accounts and regularly move funds from their PayPal accounts to off-shore bank accounts outside the jurisdiction of this Court.

18. Monetary damages alone cannot adequately compensate ZINKIA ENTERTAINMENT for ongoing infringement because monetary damages fail to address the loss of control of and damage to ZINKIA ENTERTAINMENT's reputation and goodwill. Furthermore, monetary damages are difficult, if not impossible, to completely ascertain due to the inability to fully quantify the monetary damage caused to ZINKIA ENTERTAINMENT's reputation and goodwill by acts of infringement.

19. ZINKIA ENTERTAINMENT's goodwill and reputation are irreparably damaged when the POCOYO Trademarks and Works are used on goods not authorized, produced, or manufactured by ZINKIA ENTERTAINMENT. Moreover, consumer brand confidence is damaged, which can result in a loss of future sales and market share. The extent of harm to ZINKIA ENTERTAINMENT's reputation and goodwill and the possible diversion of customers due to loss in brand confidence are largely unquantifiable.

20. ZINKIA ENTERTAINMENT is further irreparably harmed by the unauthorized use of the POCOYO Trademarks and Works because counterfeiters take away ZINKIA ENTERTAINMENT's ability to control the nature and quality of products used with the "BRAND" Trademarks. Loss of quality control over goods using the POCOYO Trademarks and Works and, in turn, loss of control over our reputation is neither calculable nor precisely compensable.

21. The sale of Counterfeit POCOYO Products using the POCOYO Trademarks

and Works also causes consumer confusion, which weakens ZINKIA ENTERTAINMENT's brand recognition and reputation. Consumers who mistakenly believe that the Counterfeit POCOYO Products they have purchased originated from ZINKIA ENTERTAINMENT will come to believe that ZINKIA ENTERTAINMENT offers low-quality products. Inferior quality products will result in increased skepticism and hesitance in consumers presented with genuine POCOYO Products, resulting in a loss or undermining of ZINKIA ENTERTAINMENT's reputation and goodwill. Counterfeit ZINKIA ENTERTAINMENT Products, primarily coming from China can be extremely dangerous and present alarming safety hazards to children.

22. ZINKIA ENTERTAINMENT is further irreparably damaged due to a loss in exclusivity. The POCOYO Products are meant to be exclusive. ZINKIA ENTERTAINMENT's extensive marketing and distribution of POCOYO Products are aimed at growing and sustaining sales of POCOYO Products. The POCOYO Trademarks and Works are distinctive and signify to consumers that the products originate from ZINKIA ENTERTAINMENT and are manufactured to ZINKIA ENTERTAINMENT's high-quality standards. When counterfeiters use the POCOYO Trademarks and Works on goods without ZINKIA ENTERTAINMENT's authorization, the exclusivity of ZINKIA ENTERTAINMENT's products, as well as ZINKIA ENTERTAINMENT's reputation, are damaged and eroded, resulting in a loss of unquantifiable future sales.

23. ZINKIA ENTERTAINMENT will suffer immediate and irreparable injury, loss, or damage if an ex parte Temporary Restraining Order is not issued in accordance with Federal Rule of Civil Procedure 65(b)(1).

I declare under penalty of perjury that the foregoing is true and correct.

Executed on February 18, 2021.

DocuSigned by:

_____
E93601108A7C4A6...
Alberto Delgado Gavela